```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANDREA MEAD, et al.                  :        CIVIL ACTION
                                     :
          v.                         :
                                     :
TRAVELERS INDEMNITY COMPANY OF       :
CONNECTICUT, INC.                    :        NO. 14-2695
```

MEMORANDUM

Bartle, J.                                              June 27, 2014

Plaintiffs Andrea Mead and William Danowski seek reconsideration of the court's June 17, 2014 order granting the motion of defendant Travelers Indemnity Company of Connecticut, Inc. ("Travelers") to dismiss Count IV of the complaint.

This action, originally filed in the Court of Common Pleas of Philadelphia County, was removed to this court by Travelers based on diversity of citizenship and an amount in controversy in excess of $75,000 exclusive of interest and costs as provided in 28 U.S.C. § 1332(a). Significantly, plaintiffs did not contest removal.

The complaint alleges damages from a fire loss at plaintiffs' condominium in Washington, D.C. Count IV of the complaint alleges bad faith on the part of Travelers under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371. In dismissing that count we ruled that the law of the District of Columbia applies in this case and that plaintiffs failed to state a claim because Pennsylvania's bad faith statute has no applicability to an event occurring in the District of Columbia. Plaintiffs

simply argued that Travelers is foreclosed by waiver or estoppel from contesting the applicability of § 8371 because it relied in part on the potential for punitive damages under that statute to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a) in its removal notice.

Plaintiffs request reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.  The relevant purpose of such a motion is "to correct manifest errors of law or fact."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  According to plaintiffs we erred by stating in a footnote that the amount in controversy requirement in this case did not depend on the possibility of punitive damages because "Defendant asserted in its Notice of Removal that the cost of repairing ... alleged fire damage alone exceeds $75,000."  Rather, plaintiffs urge that we must "decide the amount in controversy from the complaint itself" and not the notice of removal.  Angus v. Shiley, Inc., 989 F.2d 142, 145-46 (3d Cir. 1993).

Plaintiffs are correct, but this does not help their cause.  "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus, 989 F.2d at 146. Plaintiffs' complaint seeks $61,263 in compensatory damages as a result of the fire loss at their condominium.  They also seek consequential damages in Counts I, II, and III, in addition to

punitive damages in Count IV.  Plaintiffs plead that because Travelers failed to fulfill its obligations, they were forced to sell the condominium for $337,500 and the new owners a few months later sold it for $450,000, a difference of $112,500.  The only relevance to any recitation of these numbers and their incorporation into all counts of the complaint is to quantify consequential damages.  It is thus fair and reasonable for Travelers or anyone else to read the complaint as seeking the sum of $112,500 in addition to the $61,263.  The request for punitive damages is simply in excess of these other damages.

The demand for $61,263 in compensatory damages and $112,500 in consequential damages makes it abundantly clear that plaintiffs have demanded an amount far exceeding $75,000 regardless of the presence or absence of punitive damages.  Consequently, Count IV was not essential in establishing our subject-matter jurisdiction, and contrary to plaintiffs' assertion, Travelers did not rely upon the punitive damages claim in any meaningful way to satisfy the jurisdictional amount.  Plaintiffs' argument that Travelers has somehow waived its right to challenge Count IV of the complaint or is estopped from challenging it because Travelers simply referenced plaintiffs' request for punitive damages in its removal notice is totally without merit.[1]

---

[1]  Even if Count IV were essential to establish the amount in controversy, plaintiffs' argument is dubious at best.  Whether

The motion of the plaintiffs for reconsideration of the court's order of June 17, 2014 will be denied.

---

an amount is "in controversy" is separate and distinct from the merits of the claim upon which the amount is demanded, including questions of the proper choice of law.  Thus, it is not impermissible for a party to assert that a certain sum is at issue to establish subject-matter jurisdiction and later to contest the validity of the claim.  Otherwise, every defendant would concede $75,000 to the plaintiff simply by removing a case to federal court based on 28 U.S.C. § 1332(a).