```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANDREA MEAD, et al.                 :        CIVIL ACTION
                                    :
         v.                         :
                                    :
TRAVELERS INDEMNITY COMPANY OF      :
CONNECTICUT, INC.                   :        NO. 14-2695

                         MEMORANDUM

Bartle, J.                                    December 4, 2014

       Plaintiffs Andrea Mead and William Danowski bring this diversity action against defendant Travelers Indemnity Company of Connecticut, Inc., ("Travelers") which insured plaintiffs' condominium property located in Washington, D.C.  Plaintiffs have sued to recover damages caused by a fire at that property on December 4, 2012.  Travelers has denied insurance coverage.  It asserts that the policy was canceled effective October 28, 2012 for failure to pay the premium.  Now before the court is plaintiffs' motion for sanctions arising out of the failure by Travelers to produce certain evidence relating to the cancellation of the policy.

       It is not disputed that plaintiffs themselves received Travelers' notice of cancellation.  Rather, plaintiffs take issue with Travelers' failure to produce a copy of a "Notice of Intent to Cancel," which was required by the law of the District of Columbia and the terms of the policy to be sent by Travelers to the

plaintiffs' insurance broker at least five days before the actual notice of cancellation was sent to plaintiffs.[1]

Early in discovery, Travelers explained that the notice was automatically generated by its electronic system on September 10, 2012.  According to Travelers, any copy of this Notice of Intent to Cancel in Travelers' possession was destroyed pursuant to its standard document retention policy 90 days after it was generated, or December 9, 2012.  This destruction date was four days after plaintiffs filed their claim related to the fire with the insurance company.  Travelers later supplemented its discovery responses to state that the notice was sent in hardcopy by mail on September 10, 2012.  It is not clear whether a copy of that mailing was retained for any period of time by Travelers.

Plaintiffs contend that Travelers committed spoliation in destroying its copy of the Notice of Intent to Cancel sent to the broker, because Travelers did so after plaintiffs filed their claim, the date which, according to plaintiffs, litigation became reasonably foreseeable.  Apparently, the broker does not have a copy.  Furthermore, it is plaintiffs' position that Travelers is judicially estopped from relying on its amended explanation of how the Notice of Intent to Cancel had been transmitted.  Plaintiffs

---

[1]  Under the regulations of the District of Columbia, failure to meet this requirement leaves the attempted cancellation ineffective, and the policyholder has a right to renew the policy for an additional period of time not greater than one year.  D.C. Mun. Regs. tit. 26-A, § 301.1.

seek to preclude Travelers from offering any secondary evidence to prove that it sent the required notice to the broker as a sanction for its purported spoliation.

Spoliation has occurred when "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012). "A finding of bad faith is pivotal to a spoliation determination." Id. at 79. On the other hand, federal judicial estoppel, which we are bound to follow in this diversity case, involves the presence of the following factors: 1) irreconcilably inconsistent positions; 2) the positions were adopted in bad faith; and 3) a showing that no lesser sanction than estoppel is sufficient. G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 261-62 (3d Cir. 2009). Like spoliation, federal judicial estoppel is informed by the presence or absence of bad faith. Id. at 262.

In this case, plaintiffs have presented no evidence of bad faith. Travelers' explanation that the Notice of Intent to Cancel was "accessible by the agent through Travelers' [electronic] agency portal" is not inconsistent with its amended response that it mailed a written notice. Travelers' acts to supplement its responses do not demonstrate anything more than compliance with the continuing

duty to update the information supplied in discovery.  See Fed. R. Civ. P. 26(e).  At times documents are not retained or are destroyed in good faith.  That plaintiffs filed their claim with Travelers four days before the company's document retention policy purged its system of the Notice of Intent to Cancel is simply an insufficient basis for a finding of spoliation.[2]

The court is making no finding as to what actually happened with respect to the Notice of Intent to Cancel or whether it was indeed sent to plaintiffs' broker.  We only conclude that plaintiffs have not presented any evidence of bad faith to preclude Travelers from introducing evidence concerning the existence, transmittal, or destruction of the notice.  Whether or not this Notice of Intent to Cancel ever existed or what the circumstances were surrounding any transmittal or destruction of the notice are matters for the jury to decide at trial.  The motion of plaintiffs for sanctions will be denied.

---

[2]  We note further that plaintiffs seek sanctions for spoliation but state that they "do not believe the pre-cancellation alert ever existed."  This belief is fundamentally inconsistent with the relief requested.